1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  MR. JOHN T. McELVANEY,,

12                                    Plaintiff,
              vs.
13

14  BANK OF AMERICA,

15                                    Defendant.

16

CASE NO. 10cv1005-LAB (WMC)

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**

**ORDER RE: COMPLAINT**

17         Plaintiff, who is proceeding *pro se*, filed his complaint accompanied by a motion to

18  proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel.  All parties

19  instituting any civil action, suit or proceeding in a district court of the United  States, other

20  than a writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An

21  action may proceed despite a party's failure to pay the filing fee only if the party is granted

22  leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d

23  1176, 1177 (9th Cir. 1999).

24         Plaintiff used a form IFP motion and declaration, but neglected to answer a number

25  of questions.  The questions he did answer say is not employed, has no income of any kind,

26  and has no liquid other than $14.00 in his bank account.  He did not give the date of his last

27  employment, but merely wrote "disabled," suggesting he has never been employed.  He left

28  blank the question asking about other assets as well as the question asking him to explain

1    how, if he has no income or assets, he supports himself.  Plaintiff did not state whether he

2    is a prisoner.  The body of his complaint also references Social Security checks he received

3    in the past.  Without complete answers to these questions, the Court cannot determine

4    whether Plaintiff should be permitted to proceed IFP.

5            Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any

6    person proceeding in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) is subject to

7    a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous,

8    malicious, failing to state a claim upon which relief may be granted, or seeking monetary

9    relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v.*

10   *Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are

11   not limited to prisoners.") Although ordinarily the Court would wait until the filing fee was paid

12   before screening the complaint, the interests of efficiency and to confirm its jurisdiction the

13   Court notes several defects in the complaint.

14           Plaintiff alleges the Bank of America's California controller from 1984 to 1986 stole

15   the "tail ends" of the social security checks that were directly deposited into his accounts.

16   He alleged this was done in Bank of America's main branch in Tampa Bay, Florida.  He

17   alleges the total amount stolen was between $50 and $60 million.  Lines 22 through 24 of

18   his one-page complaint list certain cities, apparently where he was living at the time, followed

19   by the notation "144 months/36 yrs."  It is unclear what this time reference means.  He is

20   suing for "federal fraud embezzlement," which the Court interprets to mean some type of civil

21   RICO claim premised on wire and/or mail fraud.  *See* 18 U.S.C. § 1961–68.

22           One problem Plaintiff faces is the statute of limitations, which is ordinarily four years.

23   *Rotella v. Wood*, 528 U.S. 549, 553 (2000).  Absent equitable tolling Plaintiff's claims may

24   be time-barred.   Plaintiff has not pleaded facts to show when or how he discovered the

25   alleged thefts, nor does he explain why he did not discover them earlier.  *See Living*

26   *Designs, Inc. v. E.I. Dupont de Nemours and* Co., 431 F.3d 353, 365 (9th Cir. 2005) ("The

27   limitations period for civil RICO actions begins to run when a plaintiff knows or should know

28   of the injury which is the basis for the action.")  He has not pleaded facts that would show

1   he was entitled to equitable tolling.  *See Andrews Farms v. Calcot, Ltd.*, 527 F. Supp. 2d

2   1239, 1246 ("Plaintiffs are required but have not alleged the statute of limitations has been

3   tolled for the fraud and RICO claims.") (citing *Cervantes v. City of San Diego*, 5 F.3d 1273,

4   1275 (9th Cir. 1993)).

5       When a plaintiff alleges fraudulent acts as the predicate acts in a RICO claim, Fed.

6   R. Civ. P. 9(b) "requires that the circumstances constituting fraud be stated with particularity."

7   *Alan Neuman Prods. Inc. v. Albright*, 862 F.2d 1388, 1329 (9th Cir. 1988).  The complaint

8   fails to do this.  It does not mention details, other than that the thefts occurred in Tampa Bay

9   and Bank of America's California controller was behind them.  It is unclear what the "tail

10  ends" refers to, and the facts as pleaded do not explain why Plaintiff thinks the missing

11  amounts were stolen, or why Plaintiff thinks fraud was involved.  The notation "144

12  months/36 yrs" is also completely unclear.

13      Finally, even if Plaintiff does have a cause of action, it is obvious no one could have

14  stolen $50 to $60 million from him simply by taking a portion of his social security checks.

15      For these reasons, the complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff

16  may, if he wishes, file an amended complaint correcting the defects identified in this order.

17  He must do so no later than the close of business on **Monday, June 14, 2010**, and he must

18  either pay the filing fee or file another motion to proceed IFP with all details provided.  If

19  Plaintiff does not file an amended complaint within the time permitted, the action will be

20  dismissed without leave to amend.

21      **IT IS SO ORDERED**.

22  DATED: May 16, 2010

23

24  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

25

26

27

28

10cv1005