# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. JOHN T. McELVANEY,,<br><br>                      Plaintiff,<br>  vs.<br><br>BANK OF AMERICA,<br><br>                      Defendant. | CASE NO. 10cv1005-LAB (WMC)<br><br>**ORDER REJECTING "PROBABLE CASE DOCUMENTS" FOR FILING** |

On May 11, 2010, Plaintiff, proceeding *pro se*, filed a complaint against Bank of America alleging theft of a portion of his social security payments from around 1984 to 1996. That same day, Plaintiff filed a motion for leave to proceed *in forma pauperis* (IFP) and for appointment of counsel. On May 17, the Court denied his motion to proceed IFP because the information provided was incomplete. The same order noted several deficiencies in the complaint, dismissed it without prejudice, and gave Plaintiff leave to file an amended complaint no later than June 14, 2010. That order remains in effect.

The next day, Plaintiff submitted a packet of various papers consisting of a black folder and a large manila envelope with Plaintiff's name on it and a notation saying it was intended for attorney Steve Gold. The folder contained recent bank receipts clipped together, copies of reports to the police and FBI, a single sheet of paper containing what appear to be Plaintiff's notes about this case, copies of his social security disability benefits

statements from 1984 to 2010, and various other notes and scraps of paper, some of which are clipped together.

The "Statement of Probable Case" cannot be accepted for filing. First, it is in the incorrect format and would be impossible to docket. *See* Civil Local Rule 5.1. Second, the documents included in the packet do not make a coherent statement, argument, or request of any kind. Apparently Plaintiff is either entrusting these documents to the Court in case they are needed at some point, he is offering them in support his motion for appointment of counsel, or else he has submitted this packet in lieu of his amended complaint.

If Plaintiff is asking the Court to take custody of these documents, the Court is not inclined to do so. Plaintiff should keep the documents himself and wait until they are needed. The Court will, however, retain its own copy of Plaintiff's case notes and social security disability statements in its file.

Plaintiff may also be submitting these documents in support of his motion for appointment of counsel, but if so they are not required. The form Plaintiff submitted his motion on is provided by the Clerk's office, but it is designed to be used in employment discrimination cases, and seeks an appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1). In the type of case Plaintiff is bringing, counsel is not normally appointed, and at this time the Court lacks information to make the decision. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that counsel should be appointed for civil litigants only in "exceptional circumstances," and setting forth factors to be considered). The form indicates Plaintiff had spoken to attorney Steve Gold, which tends to suggest Plaintiff intended the "Statement of Probable Case" as documentation in support of this motion.

In response to the question whether Plaintiff had received a right-to-sue letter, he answered "yes." The form then said, if the answer was yes, that a copy of the commission's investigative file must be attached to the request. It may be that Plaintiff believed he was required to send the Court copies of reports he made to the police and FBI, but this is incorrect. The Court does not need copies of the police reports or FBI reports at this time.

/ / /

If Plaintiff intended the "Statement of Probable Case" as a substitute for his amended complaint, it cannot be accepted for that purpose. Fed. R. Civ. P. 8(a) requires that a complaint contain a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The "Statement of Probable Case" does not contain any of these. It is not the Court's role to act as Plaintiff's advocate by sifting through his documents and making arguments or requests for him. *See Cendali v. Trex Enterprises Corp.*, 2008 WL 595081, slip op. at *2 (S.D.Cal. Feb. 29, 2008) (requiring plaintiff to make factual allegations, rather than rely on the court to review the collection of documents plaintiff submitted and create arguments for him).

Finally, the Court notes the documents Plaintiff submitted show his previous IFP application is inaccurate. Previously, Plaintiff said he had only $14.00 in his bank account, but the bank receipts he submitted show he had over $100 in his account on the date he signed and filed his IFP application; the $14.00 figure is apparently the amount of a withdrawal he made. And though Plaintiff also said he was receiving no social security or disability income or other income of any kind, his social security disability statements show he is receiving a steady but modest income. While these errors do not show Plaintiff can afford to pay the filing fee, they do show Plaintiff's statements about his income and assets were not accurate. The Court admonishes Plaintiff to be careful to be accurate in all statements he makes to the Court. This is particularly important when the declaration is made under penalty of perjury, as Plaintiff's IFP application was.

The "Statement of Probable Case" is therefore **REJECTED** for filing. The Clerk is directed to return it to Plaintiff.

**IT IS SO ORDERED**.

DATED: May 27, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge